**MEYERS, Trustee, Plaintiff-Appellee v. JONES, Defendant-Appellant, JONES, Jr., et al., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 3646. Decided February 18, 1944.

John H. Arnold, Columbus and David T. Keating, Columbus for defendant-appellant, Clarence M. Jones.

E. S. Morton, Columbus for defendant-appellee, Ellis O. Jones, Jr.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court overruling the motion of defendant-appellant to dismiss the action and sustaining the motion of Ellis O. Jones, Jr., defendant-appellee, for the appointment of a successor trustee to Charles Meyers.

Eight errors are assigned and certain of them discussed and briefed at considerable length, and the questions sought to be raised are interesting. However, it is essential to even initiate the consideration of any of the errors assigned that we have before us the trust agreement of which Clarence M. Jones is the settlor. The determinative questions require a construction of this trust agreement, and an examination of the record, which consists in this Court of the transcript of docket and journal entries, discloses that the trust agreement is not before us in any manner whatever. It is not attached to any of the pleadings nor is sufficient subject matter thereof set out to enable us to determine the subject matter thereof. We find a photostatic copy of the trust agreement inserted among the files constituting the transcript of docket and journal entries, but it is not authenticated and not brought onto the record. When the motion of the appellee to dismiss the appeal was before us, we overruled it upon the hypothesis that the claimed errors, or some one of them, would be exem-

plified by the record in the form in which it comes to us. We now find that that is not the situation.

The judgment will, therefore, be affirmed.

BARNES, P. J. and GEIGER, J., concur.

## ON APPLICATION FOR REHEARING

Decided March 7, 1944.

BY THE COURT:

Submitted on application for rehearing.

It is insisted that determination of the errors assigned on this appeal may be made from the pleadings without recourse to any evidence that may have been offered by the parties upon the motion of defendant-appellant to dismiss the action, and the motion of Ellis O. Jones, defendant-appellee for the appointment of a successor trustee to Charles Meyers, Trustee, plaintiff. From the entry of April 6, 1943, and from other indicia in the transcript of docket and journal entries, it conclusively appears that the Court had under consideration the trust indenture as well as the developments thereunder which occasioned the motions and brought them to the attention of the Court on hearing. Pursuant to the issues presented on the motions the Court, in an extended written opinion, considered and determined the effect of the trust deed from Clarence M. Jones to Ellis O. Jones, Jr., and upon such consideration in the light of all that was presented to him by the parties upon the hearing on the motion, which included the factual developments upon hearing, the Court held that the trust created was irrevocable and that the Court then had the right and the duty to appoint a successor trustee, which he did.

Further, an examination of the brief of appellant discloses that as to every error assigned reference is made to the trust instrument.

We are now called upon to say, as a matter of law, that no situation appearing justified, nor could justify, the action which the Court took and the order which he entered. We are not in accord with this contention and do not accede to the proposition that upon the pleadings only, we may say that the Court had no justification in naming the trustee upon the motions as presented.

The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.